Yann Geron, Chapter 7 Trustee
c/o Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050

**Hearing Date: April 23, 2019**
**At: 10:00 a.m.**

**Objection Deadline: April 16, 2019**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| IN SOOK STERLING, | : | Case No. 19-10132-SCC |
| | : | |
| Debtor. | : | |

---------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO
BANKRUPTCY RULE 4004(b)(1), EXTENDING THE TRUSTEE'S
TIME TO OBJECT TO THE DEBTOR'S DISCHARGE**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of In Sook Sterling (the "Debtor"), the above-captioned debtor, as and for his motion (the "Motion") for an order extending the Trustee's time to object to the Debtor's discharge pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully sets forth and represents:

**Background**

1. On January 14, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Yann Geron was subsequently appointed interim trustee. Mr. Geron has since qualified as permanent trustee, and is currently serving in that capacity.

212955

2. Pursuant to Section 341 of the Bankruptcy Code, the Debtor's initial meeting of creditors was held on February 7, 2019 (the "341 Meeting"). At the 341 Meeting, the Debtor informed the trustee that she was formerly involved with three businesses, each of which, upon information and belief, were closed and/or transferred to another individual or entity prior to the Petition Date: May's Place Inc., MTK 38 Inc. and Ichiban 71 Clinton LLC (collectively, the "Businesses"). The Debtor also informed the Trustee that, although she maintained an interest in MTK 38 Inc. and Ichiban 71 Clinton LLC as of the Petition Date, those corporate interests were unscheduled. Pursuant to the Trustee's request, the Debtor subsequently amended her schedules to include these corporate interests as assets on Schedule A/B. *See* Amended Schedules filed February 21, 2019 [DE 7].

3. The Debtor's schedules reflect over $1.8 million in debt, most of which is attributable to the Businesses, and which was personally guaranteed by the Debtor. Accordingly, the Trustee requires additional time to investigate the Debtor's assets and pre-petition financial condition, review the status of the Debtor's Businesses, obtain and review all documents related to the closure of the Debtor's Businesses, and/or the transfer of Debtor's interest in the Businesses, and further interview the Debtor at the continued 341 Meeting on April 4, 2019 (or subsequent date(s)) to determine whether he will pursue an action to deny Debtor's discharge pursuant to 11 U.S.C. § 727.

4. The current deadline to file a complaint to determine the dischargeability of the Debtor's debts or oppose the Debtor's discharge is April 8, 2019.

212955

**Relief Requested**

5.   The Trustee sought a consensual extension of the time to file a complaint objecting to the Debtor's discharge from counsel to the Debtor, but that request was denied. *See* Exhibit A.

6.   Therefore, by this Motion, the Trustee seeks a sixty-day extension of his time to object to the Debtor's discharge, through and including June 10, 2019. The requested extension is warranted in order for the Trustee to complete his review of the Debtor's financial affairs.

7.   Bankruptcy Rule 4004(b)(1) states, in relevant part, that on motion of any party in interest, "the court may for cause extend the time to object to discharge."

8.   For the reasons detailed above, the Trustee requires additional time to determine whether he will need to file a discharge complaint. The Trustee submits that the relief requested is reasonable in light of the review required in this Debtor's case.

**Notice and Procedure**

9.   Notice of this Motion has been given to the Debtor, counsel to the Debtor, all known creditors and parties in interest, all parties requesting notice and the United States Trustee. Additionally, complete copies of this Motion have been served upon the Debtor, counsel to the Debtor, all parties requesting notice, and the United States Trustee. The Trustee submits that no other or further notice is required or necessary.

10.   This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated. Accordingly, the Trustee respectfully submits that this Motion satisfies the requirements of Local Bankruptcy Rule 9013-1(a).

3

212955

19-10132-scc    Doc 11    Filed 04/01/19    Entered 04/01/19 18:27:30    Main Document
Pg 4 of 4

## **No Prior Relief**

11.     Except as otherwise detailed herein, no other application for relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order, substantially in the form annexed as Exhibit B, (i) granting the Motion; (ii) extending his deadline to object to the Debtor's discharge by an additional sixty days through and including June 10, 2019; and, (iii) granting such other and further relief as is deemed proper.

Dated:   New York, New York
         April 1, 2019                              By:   *s/ Yann Geron*
                                                          Yann Geron, Chapter 7 Trustee
                                                          c/o Reitler Kailas & Rosenblatt LLC
                                                          885 Third Avenue, 20th Floor
                                                          New York, New York 10022
                                                          (212) 209-3050

212955